E-filed 3/21/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE TRUJILLO,<br><br>   Plaintiff,<br><br>   v.<br><br>FERNANDO GONZALEZ,<br><br>   Defendant. | Case No.17-cv-00137-HRL<br><br>**ORDER GRANTING ADMINISTRATIVE RELIEF FROM SERVICE DEADLINE**<br><br>Re: Dkt. No. 14 |

Plaintiff Jose Trujillo ("Trujillo") requests that the court extend the deadline to complete service upon defendant Fernando Gonzalez ("Gonzalez"). Dkt. No. 14. The court set the current deadline of March 13, 2017, in its initial case management scheduling order. Dkt. No. 4.

In his administrative motion, Trujillo states that he has been diligently attempting to serve Gonzalez, the alleged owner of the subject property in this Americans with Disabilities Act (ADA) denial of access case. Dkt. No. 14. Trujillo's eight attempts to serve Gonzalez at what Trujillo initially believed to be Defendant's home address (as identified through LexisNexis and Parcel Quest) were unsuccessful. Dkt. No. 14, Best Decl., ¶ 3. These attempts having failed, Trujillo then discovered another address for Gonzalez and attempted service there. *Id.*, ¶ 4-6. Gonzalez, Plaintiff asserts, is the CEO of the San Benito Community Services Development Corporation, and the new address is listed on a form related to that organization that was filed with the California Secretary of State. *Id.*, ¶ 4-6, Ex. C.

Trujillo claims that substitute service was completed on March 10, with the summons and complaint subsequently mailed on March 13, 2017. *Id.*, ¶ 7. Plaintiff argues that, under California law, service is effective as of March 23, 2017, ten days after the mailing was completed.[1] Plaintiff

---
[1] Pursuant to California Code of Civil Procedure Section 415.20(b), if service cannot be completed in person through the exercise of reasonable diligence, a summons may be served via substitute

thus requests that the court extend the deadline to serve Defendant for 14 days to March 27, 2017. Dkt. No. 14.

As the deadline for service in this case is determined by a court scheduling order rather than Federal Rule of Civil Procedure 4, Rule 16(b)(4) applies. This rule states: "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Rule 16(b)'s good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Here, Trujillo diligently attempted to serve Gonzalez at what Plaintiff reasonably thought was his home address. Plaintiff attempted service eight times, including two three-hour stake-outs. After the latter two attempts failed, Trujillo promptly located a new address for Gonzalez and promptly attempted service at the new address.

The court is persuaded that Trujillo has been diligent in attempting to serve Gonzalez, and that good cause exists to extend the deadline to complete service. The court extends the deadline to complete service to March 27, 2017.

**IT IS SO ORDERED.**

Dated: 3/21/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

service, and by mailing a copy of the summons and complaint to the address at which substitute service was completed. Cal. Civ. Proc. Code § 415.20(b). "Service of a summons in this manner is deemed complete on the 10th day after the mailing." *Id.*

2