**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JOSE TRUJILLO,<br><br>  Plaintiff,<br><br> v.<br><br>FERNANDO GONZALEZ,<br><br>  Defendant. | Case No. 17-cv-00137-BLF<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

Before the Court is Defendant Fernando Gonzalez's ("Gonzalez") motion to dismiss Plaintiff Jose Trujillo's ("Plaintiff") Complaint in this action brought pursuant to the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act ("Unruh Act"), and California's Health and Safety Code. *See* ECF 35 ("Mot."). The Court previously found this motion suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and vacated the hearing scheduled for February 22, 2018. *See* ECF 24. For the reasons that follow, Defendant's motion to dismiss the Complaint is DENIED.

**I. BACKGROUND**

The following facts are taken from Plaintiff's Complaint and are accepted as true on a motion to dismiss. *See* ECF 1 ("Compl."). Plaintiff brings this civil rights action for discrimination at the business complex known as Taqueria Los Grullenses in Hollister, California (the "Facility"). Compl. ¶ 1. Plaintiff is substantially limited in his ability to walk, and uses a

wheelchair or cane for mobility. *Id*. ¶ 8. Plaintiff visited the Facility on or about July 24, 2016 for the purpose of having dinner with family and friends. *Id*. ¶ 10. During his visit, Plaintiff encountered several barriers that interfered with or denied his ability to use and enjoy the public accommodation. *Id*. ¶¶ 9-10.

For example, Plaintiff could not find accessible parking in the Facility shopping complex, and he had difficulties maneuvering his wheelchair from his regular parking space to the entrance of the Facility because the pavement had deteriorated. *Id*. ¶ 10(a)-(b). Plaintiff further alleges that there was no ramp to the entrance of the facility, and that the loose carpet inside the Facility's entrance made it difficult to enter and exit the restaurant. *Id*. ¶ (c)-(d). Once inside, Plaintiff encountered further obstacles such as a transaction counter and napkin dispensers that were too high, aisles that were too narrow, and problems with the restroom that made it difficult if not impossible for Plaintiff to maneuver his wheelchair, pay for his meal, reach napkins, or use the restroom. *Id*. ¶ 10(e)-(j).

Plaintiff filed his Complaint on January 11, 2017, bringing claims under the ADA, Unruh Act, and Health and Safety Code against Defendants Armando Perez Garcia, Jose de Jesus Perez Garcia, and Francisco Ramos, d/b/a Taquiera Los Grullenses (collectively "Settled Defendants") and their landlord, Fernando Gonzalez ("Gonzalez"). *See generally* Compl. Following a resolution with the Settled Defendants, Plaintiff dismissed his claims against those Defendants and only his claims against Gonzalez remain in this action. *See* ECF 13. After completing service of the Complaint on Gonzalez, Gonzalez failed to timely respond to the Complaint and Plaintiff obtained an entry of default against Gonzalez from the Clerk on April 19, 2017. *See* ECF 18.

Plaintiff moved for default judgment against Gonzalez on July 17, 2017, and Magistrate Judge Howard Lloyd issued a Report & Recommendation that this Court grant default judgment. *See* ECF 25. Once the case was reassigned to this Court, Gonzalez appeared in this action *pro se* and filed a timely objection to Magistrate Judge Lloyd's Report & Recommendation. *See* ECF 30. Once Gonzalez appeared, Plaintiff and Gonzalez stipulated to set aside the entry of default so that the matter could proceed on the merits. *See* ECF 32. Gonzalez then filed the instant motion to dismiss the Complaint. *See* ECF 35 ("Mot").

## II. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) concerns what facts a plaintiff must plead on the face of the complaint. Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Any complaint that does not meet this requirement can be dismissed pursuant to Rule 12(b)(6). A "short and plain statement" demands that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## III. DISCUSSION

In his motion to dismiss, Gonzalez argues that Plaintiff's lawsuit should be dismissed because the requested remedy is "already dealt with" in another lawsuit. *See* Mot. at 3. Gonzalez explains that there are two adjoining parcels of retail space at the Facility, Parcel A and Parcel B, of which Gonzalez owns Parcel B and rents it out to the Settled Defendants who own Taquiera Los Grullenses. *Id*. Parcel A and Parcel B share a parking lot. *Id*. According to Gonzalez, Plaintiff already sued the owners and businesses of Parcel A, and settled those claims as well as his claims against the other Defendants in this case. *Id*. As part of the settlement with the owner of Parcel A, Gonzalez participated in an assessment of the parking lot. *Id*. at 4. Gonzalez argues that he and the owner of Parcel A acted as a "partnership" in order to complete the work that needed to be done in the Facility's parking lot. *Id*. Gonzalez argues that it is unjust to allow Plaintiff to recover twice for the parking lot issue that has already been resolved. *Id*. Although Gonzalez does not cite to any law in support of his motion, the Court construes his argument to mean that Plaintiff is barred by the doctrine of res judicata in light of Plaintiff's prior settlement with the owner of Parcel A, or that some other doctrine applies to bar Plaintiff's claims related to the parking lot allegations.

3

Gonzalez's entire motion goes beyond the pleadings in this case and requires a factual record in order for the Court to determine whether Plaintiff's claims against Gonzalez are barred by res judicata, or if some other doctrine prevents double recovery. In other words, this Court cannot grant Gonzalez's motion to dismiss without converting it into a motion for summary judgment. Without any factual record before it, the Court cannot make any such determination that Plaintiff's claims against Gonzalez are barred at this stage.[1] Accordingly, Gonzalez's motion to dismiss the action for failure to state a claim is DENIED.

As support for his motion, Gonzalez apparently requests that the Court take judicial notice of a news article, a receipt or invoice, and a check, all of which are unauthenticated and are not incorporated by reference into the Complaint. The Court finds that these documents are not properly subject to judicial notice on a motion to dismiss pursuant to Rule 12(b)(6). *See* Fed. R. Evid. 201. Gonzalez's request for the Court to take judicial notice of these documents is DENIED.

Even if the Court were to consider Gonzalez's evidence, the Court cannot determine from the materials submitted whether the alleged work conducted on the Facility's parking lot resolves Plaintiff's claims against Gonzalez. Based on the factual record before the Court, it is impossible to determine whether the Facility's parking lot is actually compliant and accessible to persons with disabilities. As Plaintiff points out, Gonzalez does not indicate what type of parking was installed, where it was installed, or how many spaces were installed. *See* ECF 39 at 5 ("Opp'n").[2] Importantly, Gonzalez's motion to dismiss does not address any of the several other barriers—aside from parking lot issues—that Plaintiff alleges against Gonzalez in the Complaint.

For the foregoing reasons, and because it is improper for the Court to consider Gonzalez's extrinsic evidence on a Rule 12(b)(6) motion before any discovery has been conducted, the Court finds that the allegations against Gonzalez are adequately pled. Plaintiff's action against Gonzalez

---

[1] The Court also finds Plaintiff's argument persuasive that in light of the stay of discovery in place prior to a joint site inspection under General Order 56, Plaintiff has been unable to conduct discovery in order to effectively counter the factual assertions in Gonzalez's motion.

[2] Although Gonzalez attempts to address some of these deficiencies in his reply brief, his bare assertions about the work that was conducted on the parking lot are improper facts for the Court to consider on a motion to dismiss.

4

must proceed through the General Order 56 process.

### IV. ORDER

For the foregoing reasons, Gonzalez's motion to dismiss the Complaint is DENIED. Gonzalez shall file an Answer to the Complaint **on or before March 16, 2018.** The parties shall also submit a stipulated case schedule that complies with General Order 56, including a deadline by which to hold a joint site inspection, **on or before March 16, 2018.**

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
BETH LABSON FREEMAN
United States District Judge